UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
CASE NO.: 9:20CV_____

**Karen Yeh-Ho, individual,**
Plaintiff,
Vs.

**Valencia Isles Homeowners Association Inc.,**
A not for profit Florida Corporation,
c/o Robert Goldstein (President);
Castle Management, Inc., Castle Management, LLC,
(Castle Group, Trade Mark)
A for profit Florida Corporation, LLC,
c/o Craig Vaughan (President);
Debra Rosmarin, individual;
Kenneth Hellman (former President), individual;
Frederick Hass, individual;
Defendants

(POST-ACQUISITION-
(DISCRIMINATION Complaint
Under 42 U.S.C. § 3601)
**VERIFIED COMPLAINT**

FILED BY __PCS__ D.C.
SEP 11 2020
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

original

**Demand For Jury Trial** /

**COMPLAINT**
_____/

Plaintiff, Karen Yeh Ho, pro se, hereby brings this lawsuit against the Defendants:

(1) Valencia Isles Homeowners Association, Inc. is a not for profit corporation c/o current President Robert Goldstein at the VIHA office 11200 Valencia Isles Boulevard, Boynton Beach, FL 33437, Palm Beach County.

(2) Castle Management Inc, Castle Management, LLC, Castle Group (Trade name for Castle Management Inc., a for profit corporation, LLC, c/o President CRAIG VAUGHAN. Craig Vaughan is a Licensed Community Association Manager licensed number CAM21137. Address: 12565 N.W. 76th St. Parkland, Florida 33076, Broward County. Castle Group Office in VIHA at 11200 Valencia Isles Boulevard, Boynton Beach, FL 33437, Palm Beach County.

1 of 18

Case number

1    (3) Valencia Isles Homeowners Association Inc. VLHA member Debra Rosmarin whose

2    address is 6615 Lucaya Avenue, Boynton Beach, Florida 33437, Palm Beach County.

3    Florida Licensed Real Estate Broker, Licensed number BK136105: Debra Rosmarin

4    (4) Valencia Isles Homeowners Association Inc. VLHA member Former President, Kenneth

5    Hellman is a Florida Licensed Community Association Manager licensed number

6    CAM33883. Kenneth Hellman's address 6824 Molakai Circle, Boynton Beach, Florida

7    33437, Palm Beach County..

8    (5) Valencia Isles Homeowners Association Inc. VLHA member Frederick Hass.

9    Frederick Hass is a Florida Licensed Sales Associate Licensed number SL3250235.

10    Frederick Hass address is 7378 Lahana Circle, Boynton Beach, FL 33437, Palm Beach

11    County.

12    And state as follows:

### **INTRODUCTION**

This is great public importance case. This case is about what happened to the beneficiary who inherit their parents' house and had to face discrimination from the Homeowners Association and aiding by Licensed Community Association firm. Karen Yeh Ho, Plaintiff, Pro Se on February 28, 2017 inherit 6826 Fiji Circle, Boynton Beach, Florida 33437, Palm Beach County from her parents. Valencia Isles Homeowners Association Inc and Castle Management Inc, Castle Management LLC, Castle Group broke the law and treated Karen Yeh Ho inhumanly. Valencia Isles Homeowners Association ("VIHA") community and LCAM firm instruction to gated guard to deny Karen Yeh Ho to enter the VIHA community therefore Karen Yeh Ho's house became unavailable so Karen Yeh Ho cannot enjoy and protect her house because of their violation of Fair Housing Act (42 U.S.C. §3601) discrimination.

2 of 18

Case number

## JURISDICTION AND VENUE

1. This is an action for, inter alia, compensatory and punitive damages relating to post-acquisition housing discrimination on the basis of race, color, religion, sex, familial status, or national origin pursuant to 42 U.S.C. § 3601, et. seq. (hereinafter referred to as the "Fair Housing Act" or the "FHA").

2. 42 U.S.C. §3604 "Discrimination in sale or rental of housing and other prohibited practices"

3. Specifically, Plaintiffs allege that Defendants violated 42 U.S.C. §3604(b)

   42 U.S.C. §3604(b) Provide "To discriminate against any person in the terms, conditions, or privileges of sales or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin"

4. Specifically, Plaintiffs allege that Defendants violated 42 U.S.C. §3617

   "Interference, coercion, or intimidation provide that "It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title.

5. Specifically, Plaintiffs allege that Defendants violated 42 U.S.C. § 3604(b) and 42 U.S.C. § 3617 by discriminating on the basis of their race, color, religion, sex, familial status, national origin and intentionally inflicting emotional distress.

6. This Court has original jurisdiction over the subject matter of this action pursuant to 42 U.S.C. § 3613(a) and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1391(C). Defendants are located and reside within this district, and the events giving rise to this Complaint occurred in this district, Palm Beach County, Florida.

Case number

8. All conditions precedent to bringing this action have occurred or have been performed. Karen Yeh Ho sent out inform, demand letters by U.S. certified mail with return receipts to the Castle Management Inc, Castle Management LLC, Castle Group, Valencia Isles Homeowners Association Inc., Department of Professional Business Regulation ("DBPR"), HUD, Palm Beach County Fair Housing, Florida Attorney General, United States Attorney General, and Homeowners in Fiji Circles, has been forwarded, served and received via certified U.S. mail and regular U.S. mail in June 2020, July 2020, August 2020.

9. This is an action for damages in excess of Seventy Five thousand dollars ($75,000), exclusive of attorney's fee, cost and interest. Plaintiffs sues Defendants for damages for over Seven million Nine hundred Thirty thousand dollars ($7,930,000).

## THE PARTIES

10. Plaintiff Karen Yeh Ho is a natural person, over the age of majority, 59 years old, residing in Palm Beach County, Florida.

11. Karen Yeh Ho's race is Asian, color of her skin is medium, her religion is Buddhism, her sex is female, her familial status is female, and her national origin Chinese.

12. At all relevant times, Karen Yeh Ho's choice of abode and resided in the Valencia Isles Homeowner Association Inc. in Palm Beach county, Florida. The abode address is 6826 Fiji Circle, Boynton Beach, Florida 33437, Palm Beach County.

13. Karen Yeh Ho are aggrieved person as that term is defined by the FHA, 42 U.S.C. § 3602(i), and suffered harm resulting from the conduct of the Defendants.

14. Defendant Valencia Isles Homeowners Association, Inc. (hereinafter referred to as the "VIHA", "HOA") is a Florida not for profit corporation that, at all relevant times,

Case number

1 governed the VIHA, a housing development that consists of approximately 793
2 residential homesites in west of Boynton Beach, Florida. The HOA board was vested
3 with the authority to make decisions on behalf of its members and used its authority
4 to undertake actions inconsistent with Federal Fair Housing Laws. The HOA may be
5 served with process to the current principal place of business: 11200 Valencia Isles
6 Boulevard, Boynton Beach, FL 33437.

7  15. Defendant: c/o Craig Vaughan is the Manager and President for Castle Management,
8 LLC (License number CAB3838), Castle Management, Inc, (license number CAB
9 3383), (hereinafter referred to as the "Castle") is a Florida for profit corporation that,
10 at all relevant times, manages the VIHA, a housing development that consists of
11 approximately 793 residential homesites in west of Boynton Beach, Florida. The
12 Castle uses Castle Group as their Trademark. The Castle was vested with the
13 authority to manage the HOA decisions on behalf of HOA Board members for HOA
14 members and used its authority to undertake actions inconsistent with Federal Fair
15 Housing Laws. The CASTLE may be served with process to the current principal
16 place of business at 11200 Valencia Isles Boulevard, Boynton Beach, FL 33437.

17  16. Defendant: Valencia Isles Homeowners Association Inc., c/o President: Robert
18 Goldstein is a natural person, over the age of majority, his home address is 7321 Kea
19 Lani Drive, Boynton Beach, FL 33437, Palm Beach County, Florida. Sui juris.

20  17. Defendant: Former Valencia Isles Homeowners Association Inc., VLHA member,
21 former President: Ken Hellman is a natural person, over the age of majority, his home
22 address is 6824 Molakai Circle, Boynton Beach, FL 33437, Palm Beach County,
23 Florida.

5 of 18

Case number

18. Defendant: Valencia Isles Homeowners Association Inc., VLHA member who is licensed real estate broker; Debra Rosmarin is a natural person, over the age of majority, her home address is 6615 Lucaya Avenue, Boynton Beach, FL 33437, Palm Beach County, Florida.

19. Defendant: Valencia Isles Homeowners Association Inc., member who is licensed real estate agent; Frederick Hass is a natural person, over the age of majority, her home address is 7378 Lahana Circle, Boynton Beach, FL 33437, Palm Beach County, Florida.

## GENERAL ALLEGATIONS

20. In 1991, Plaintiff, Karen Yeh Ho's parents cash purchase their brand new house 6826 Fiji Circle, Boynton Beach, FL 33437, Palm Beach County from G.L. Homes in 1999 and title their house is Louis Hency Ng Trust. Louis Hency Ng and Lucia Chiao Hung Ng were the only Asian Chinese American in the Valencia Isles Homeowners Association Inc. community.

21. The reason Louis Hency Ng pursuant to Florida Statutes 736 he put the house under Louis Hency Ng Trust is for direct distribution of his real estate property to his three step-children upon Lucia Chiao Hung Ng's death without having to go through probate and protect from creditors and protect from predatory attorneys for unnecessary work.

22. Louis Hency Ng and Lucia Chiao Hung Ng were the only Chinese Asian American household in the VIHA when they brought the house and when they died.

Case number

23. Louis Hency Ng Trust are the two primary beneficiaries: Louis Hency Ng and Lucia Chiao Hung Ng. Louis Hency Ng Irrevocable Trust success beneficiaries upon their death are: Karen Yeh Ho, William Yeh and Stephen Yeh.

24. Karen Yeh Ho is the only Chinese Asian American in VIHA when she inherit her house from her parents.

25. Karen Yeh Ho's beloved step father Louis Hency Ng passed away on February 4, 2016.

26. March 2017, Plaintiff went to Palm Beach Tax Collector officer provide the office with all the necessary legal documents: Louis Hency Ng's death certificate and Lucia Chiao Hung Ng as the life estate beneficiary of the house and homestead the house in her name.

27. During the time Louis Hency Ng and Lucia Chiao Hung Ng living in the VIHA rhwy will bring Karen Yeh Ho to the VIHA club house for activities such as see movies, eating in the dinning room, swimming, exercising and introduce Karen Yeh Ho their daughter to the Castle Group managers since 2000. The Castle knew Karen Yeh Ho is Louis Hency Ng and Lucia Chiao Hung Ng's daughter. The Club house see more of Karen Yeh Ho then Louis and Lucia since Karen assist her parents with many things.

28. Castle Group Mangers knew Karen Yeh Ho is Louis Hency Ng and Lucia Chiao Hung Ng's daughter and will inherit their house someday.

29. Valencia Isles Homeowners Association, Inc. board members knew Karen Yeh Ho is Louis Hency Ng and Lucia Chiao Hung Ng's daughter and will inherit their house someday.

7 of 18

Case number

30. Valencia Isles Homeowners Association, Inc.'s FIJI Circle VIHA members knew Karen Yeh Ho is Louis Hency Ng and Lucia Chiao Hung Ng's daughter and will inherit their house someday. In fact, the neighbors did not even know Louis and Lucia had two sons.

31. Starting in 2015, Karen Yeh Ho used her money to paid the Valencia Isles Homeowner Association Inc. maintenance fees and special assessments by using her own money after her father's death.

32. The payments to Valencia Isles Homeowners Association Inc. monthly maintenance fees and special assessments are current and on time and never late.

33. Karen Yeh Ho's biological beloved mother, Lucia Chiao Hung Ng's died on February 28, 2017.

34. Starting in 2017, Karen Yeh Ho was denied to enter the Valencia Isles Homeowner Association Inc. community numerous times. Each time, Karen Yeh Ho called the Palm Beach County Sheriff's to come to the gate to let Karen Yeh Ho to pass the guard at the front gate and back gate so she can enter her abode house to enjoy her house and protect her house.

35. Karen Yeh Ho is the personal representative and success trustee of Louis Hency Ng Trust and had to quit claim title under Louis Hency Ng Trust to the three beneficiary's names in February 2020 because of the VIHA and Castle refuse to allow Karen Yeh Ho to enter the community.

36. February 2020, the title to the 6826 Fiji Circle, Boynton Beach, Florida 33437, Palm Beach County house is Karen Yeh Ho, William Yeh, and Stephen Yeh.

Case number

37. Karen Yeh Ho is the Florida Resident since 1986. William Yeh lives in New York and is New York resident. Stephen Yeh lives in Maryland and is Maryland resident.

38. Karen Yeh Ho's abode is 6826 Fiji Circle, Boynton Beach, Florida, Palm Beach County since 2015 when she moved into her parents' house to provide her parents with excellent care such as taking them to the doctors, to the hospital, shopping, pick up medicine and pay their bills when they are unable to pay the bills because they were in the hospital et. al with Karen Yeh Ho's own money.

39. The change of the title to the beneficiary's name Karen Yeh Ho, William Yeh, and Stephen Yeh did not help the entering the Valencia Isles Homeowners Association Inc. gated community.

40. The Castle Group gate guards follow the VLHA, Castle instruction to stop Karen Yeh Ho from entering the community June 20, 2020 and continue to deny her to enter the community. Now is September 2020, Karen Yeh Ho still cannot go to her house and had to pick up her mail from the United States Post office.

41. Sometime in 2019 Karen Yeh Ho was prevented from entering the VLHS, the contain inside her house was gone, all gone, her parents' antiques, her parents' pictures, her parent's furniture, her parent's artworks and collections, her father's veteran's leather jackets and their friend, Susan Chang's thing store inside the house was all gone. The irreparable harm that it cost is approximate value is over $200,000.

42. March 2020 finally Karen Yeh Ho was able to enter the VIHA and discover not only the content of the house was gone there are damages to the house such as hard wood floor was removed and damages done to the concreate.

Case number

43. June 2020, the recent unlawful denied to enter the VIHA caused Karen Yeh Ho's content inside the house was all gone again.

44. Karen Yeh Ho do not have any idea of any Florida Statutes that allow Valencia Isles Homeowners Association, Inc and Castle Management, Inc., Castle Management LLC, Castle Group have any legal authority to deny Karen Yeh Ho to enter the community so she can enjoy her abode.

45. In 2016, after Louis Hency Ng's death, Karen Yeh Ho had submit Louis Hency Ng's death certiciate, Louis Hency Ng's Trust documents file on the Palm Beach County public record (CFN 20160245057 BK 28429 PG 0041). In February 2020, Karen Yeh Ho submit Quit claim deed (CFN 20200072790 BK 31248 PG 0628). Karen Yeh Ho had proof she was paying water bills, Florida power and lights and Palm Beach County property taxes since 2016.

46. There was no response from Valencia Isles Homeowners Association Inc. at all, not even given a verbal reason for deny the entry to the VLHA community.

47. In 2017, Karen Yeh Ho did the same submit all the necessary legal documents and there was no response from Valencia Isles Homeowners Association Inc.

48. In 2018, Karen Yeh Ho did the same submit all the necessary legal documents and there was no response from Valencia Isles Homeowners Association Inc.

49. In 2019, Karen Yeh Ho did the same submit all the necessary legal documents and there was no response from Valencia Isles Homeowners Association Inc.

50. The Valencia Isles Homeowners Association Inc. is a guard gated community. Each member of the Valencia Isles Homeowners Association Inc. receives two car decal to get in and out and a phone access code to call guest in to the community.

51. VIHA, and Castle gave Karen Yeh Ho her car decal and phone access code and pass fab for enter the club house, dinning, exercise room and pool. The Hot wire set up their cable system so Karen Yeh Ho have cable to her abode.

52. VIHA grant approval to entering the Community. In order for homeowners and guest or workers to enter the community it requires Valencia Isles Homeowners Association Inc. and Licensed Community Association Management Firm enter and input information into their computer system and approval for entry the VIHA community or call the office for approval.

53. Valencia Isles Homeowners Association Inc, and Castle Management Inc., Castle Management LLC, Castle Group DENIED Karen Yeh Ho to the entering the Community on various date.

54. Karen Yeh Ho suppose to enjoy her abode without fear of strangers enter her house remove all of her content inside the house two times. There is no payment of $99 to Palm Beach County for writ of possession on records on the Palm Beach County Sheriff's office for removing Karen Yeh Ho's content from the house at all. There is no record of Palm Beach County sheriff stand by someone who has legal authority to remove Karen Yeh Ho's possession out of the house two times.

55. As a result, Defendants created a hostile living environment in an effort to discourage Karen Yeh Ho from continuing to live in the VIHA so Defendants can pick and choose and select their own neighbors.

56. The conduct of Defendants had a discriminatory effect on the Plaintiffs due to she is being a Asian, Chinese, medium color skin, Buddhism and her husband lives in one

house and she choose to live in 6826 Fiji Circle, Boynton Beach, Florida 33437, Palm Beach County house.

### COUT I   VIOLATION OF 42 U.S.C. § 3604 against Valencia Isles Homeowners Association Inc., Castle Management Inc, Castle Management LLC, Kenneth Hellman, Federick Hass, Debra Rosmarin.

57. Plaintiff repeat and reallege the allegations set forth in Paragraphs 1 through 56 of this Complaint as if fully set forth in this paragraph.

58. 42 U.S.C. § 3604(b) prevents any person from discriminating against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin.

59. Defendants violated the Fair Housing Act by discriminating against the Karen Yeh Ho's race, color, religion, sex, familial status, and national origin through a systematic strategy to assess baseless sanctions against Karen Yeh Ho that limited her ability to use services or facilities of the community and by their inaction to control the conduct of neighbors, including Defendants real estate broker Debra Rosmarin, Kenneth Hellman, Frederick Hass.

60. Debra Rosmarin knew the property law for real estate she is a Florida Real Estate Broker.

61. Debra Rosmarin uses her position as real estate broker arranges Kenneth Hellman, Frederick Hass to buy 6826 Fiji Circle, Boynton Beach, Florida 33437, Palm Beach County house without Karen Yeh Ho's knowledge, consent and signature.

62. Debra Rosmarin had the content inside the house removed from the 6826 Fiji Circle house and whereabout the content of the house is unknown to Karen Yeh Ho.

Case number

63. Karen Yeh Ho called Palm Beach County Sheriff's officer and they had kept the peace. The Palm Beach County Sheriff's report is always civil matter.

64. Kenneth Hellman is a licensed community association manager and he uses his position as (former) President of the VIHA to prevent Karen Yeh Ho from enter the guard gated community. Kenneth Hellman is the first buyer, and Debra Rosmarin is the real estate broker.

65. Frederick Hass is the Licensed Florida Real Estate Sale Agent. Frederick Hass knew the Florida Real Estate Property law. Frederick Hass is the second buyer, and Debra Rosmarin is the real estate broker.

66. The Karen Yeh Ho found out the fabricated sale contract without her knowledge, consent, and signature in March 2020. Debra Rosmarin, Kenneth Hellman, Frederick Hass knew they broke the law.

67. Frederick Hass broke the law again by going inside the house prior to the April 2020 closing date and torn the whole house's over 3,500 square foot hard wood floor out then damages the floor and walls. When Karen Yeh Ho show up the works packed up their things and told Karen Yeh Ho they were sorry and left in their truck fast.

68. VIHA and Castle fail to protect Karen Yeh Ho's house and allow other LIHA members to take advantage of Karen Yeh Ho.

69. Defendants prevent Karen Yeh Ho wants to live in her own house and hate to live in the community.

70. As of today, Plaintiff still cannot enjoy her parents wish to have her enjoy her economic benefits of enjoy her inheritance house and afraid of her safety of living in there ever again in the VIHA community manages by Castle.

71. Specifically, Defendants engaged in a scheme to sell Karen Yeh Ho's house at below market price to the VIHA insider without her knowledge, consent and signature by prevent her from entering the guarded gated VIHA community.

72. As a result, Defendants created a hostile living environment in an effort to discourage Karen Yeh Ho from continuing to live in the Valencia Isles Homeowners Association Inc. community.

73. Castle has fiduciary duty toward Karen Yeh Ho when they received Karen Yeh Ho's Valencia Isles Homeowners Association Inc. payment for LCAM firm payments.

74. Castle knew deny Plaintiff entry to the VLHA community is brake the law and did not stop the unlawful acts.

75. Defendants' actions were intentional, willful, wanton, malicious and performed with a reckless disregard for Plaintiff's rights and therefore, Plaintiff is entitled to compensatory damages against Defendant pursuant to 42 U.S.C. § 3604.

### COUT II   VIOLATION OF 42 U.S.C. § 3617 against Valencia Isles Homeowners Association Inc., Castle Management Inc, Castle Management LLC, Kenneth Hellman, Federick Hass, Debra Rosmarin.

76. Plaintiff repeat and reallege the allegations set forth in Paragraphs 1 through 75 of this Complaint as if fully set forth in this paragraph.

77. Under 42 U.S.C. § 3617, it is unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of any right granted by the Fair Housing Act.

78. Defendants has intimidated Karen Yeh Ho by not allowing her to enter the VIHA community to get to her house inside the VIHA community.

Case number

1    79. Defendants has threatening Karen Yeh Ho not to live inside the community by

2         remove all of her content two times without legal authority to do so.

3    80. Defendants VIHA interfered with Plaintiff's exercise and enjoyment of Karen Yeh Ho's

4         property rights by refusing to undertake any action to prevent fraudulent activities by

5         VIHA member Debra Rosmarin a licensed Florida real estate broker, former president

6         Kenneth Hellman a Florida licensed community association manager and VIHA member

7         Frederick Hass a Florida licensed Real Estate Sales Agent. Rosmarin, Hellman, and Hass

8         enter the house without legal authority to do so and caused irreparable harm to Karen

9         Yeh Ho. The sense of security of living inside the house is gone and protection of living

10        inside the house is gone.

11    81. Defendants Castle interfered with Plaintiff's exercise and enjoyment of Karen Yeh Ho's

12        property rights by refusing to undertake any action to prevent fraudulent activities by

13        VIHA member Debra Rosmarin a licensed Florida real estate broker, former president

14        Kenneth Hellman a Florida licensed community association manager and VIHA member

15        Frederick Hass a Florida licensed Real Estate Sales Agent. Rosmarin, Hellman, and Hass

16        enter the house without legal authority to do so and caused irreparable harm to Karen

17        Yeh Ho. The sense of security of living inside the house is gone and protection of living

18        inside the house is gone.

19    82. As a result of the intimidation and interference of Karen Yeh Ho's rights to enjoy her

20        inheritance property, Karen Yeh Ho now have to constantly lived in fear of whenever she

21        goes out she may not be able to get back in just like now. As of September 10, 2020

22        Karen Yeh Ho still can not get back in to her house since June 21, 2020 and have to pick

23        up her mail from the post office everyday.

Case number

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against defendant for:

(1) Requiring Defendants to attend training in Fair Housing and antidiscrimination;

(2) compensatory damages, punitive damages, pre-judgment and post judgment interest costs to be paid by Defendants, according to proof at trial, including awarding such damages as will compensate Plaintiffs fully for their shock, humiliation, embarrassment, inconvenience, and economic loss caused by Defendants discriminatory conduct pursuant to 42 U.S.C. § 3612(o)(3) and 42 U.S.C. § 3613(c);

(3) Awarding punitive damages to the Plaintiff in the amount of SEVEN MILLION DOLLARS NINE HUNRED FIFTY-THREE THOUSAND DOLLARS ($7,953,000) (i.e. $10,000 per lot within the community) pursuant 42 U.S.C. § 3612(o)(3) and 42 U.S.C. § 3613(c) and state law for the intentional torts complained of herein. Defendants conduct demonstrates a reckless disregard for those of certain race, color, religion, sex, familial status, or national origin and is contrary to both federal and state law. The acts and omissions described above were willful and perform with actual or implied malice. To date, Defendant have never issued so musch as an apology and continues, through direct and indirect actions, to create an atmosphere incompatible with the quiet use and enjoyment sought by the Karen Yeh Ho. Punitive and exemplary damages are therefore appropriate and should be imposed in this instance;

(4) Costs and attorney's fees of this lawsuit, with interest pursuant to 42 U.S.C. § 3612(p);

(5) And other relief as this Court deems just and proper.

Case number

CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirement of Rule 11.

For Parties Without an Attorney
I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.
Date of Signing: 9/10/2020
Signature of Plaintiff: [signature]
Printed Name of Plaintiff: KAREN YEH HO, pro se.

Respectfully submitted by Plaintiff on this _10_ day of September, 2020.


By: [signature]   Date: 9/20/2020
Karen Yeh-Ho, Plaintiff Pro Se
FOR THE PLAINTIFF, Pro Se:
KAREN YEH-HO, Pro Se
9174 Chianti Court,
Boynton Beach, FL  33437
Plaintiff, Pro Se

By: [signature]
Karen Yeh-Ho, Plaintiff Pro Se


FORM VERIFICATION OF COMPLAINT ON PAGE 14

Case number

1
2  VERIFICATION OF COMPLAINT
3
4       I, Karen Ching Hsien Yeh Ho, Plaintiff, pro se, hereby declare under penalty
5  of perjury under the laws of the United States that the information contained in the
6  Verified Complaint is true and correct, provided that this declaration does not
7  extend to paragraphs that contain analysis of Florida law governing the merits of
8  the Verified Complaint about which I am unqualified to opine because I am not a
9  member of the Florida Bar.
10  FURTHER THE AFFIANT SAYETH NAUGHT.
11
12  _____  / 9/10/2020
13  Karen Ching Hsien Yeh Ho, Plaintiff, Pro se, Affiant
14
15  STATE OF FLORIDA
16  PALM BEACH COUNTY
17
18       The foregoing instrument was acknowledged before me by Karen C. H. Yeh
19  Ho, who SWORN TO and subscribed before me this _9_ day of September 2020.
20
21  Karen Yeh Ho produced ___FLOL___ as her identification.
22  Notary Public: _____
23  My commission expires: Jun 26 2021   Notary Stamp:
24                                        ✓ In Person

STEVEN SCOTT GREBINAR
Notary Public - State of Florida
Commission # GG 103704
My Comm. Expires Jun 26, 2021
Bonded through National Notary Assn.

18 of 18

Case number

## Property Detail

Location Address 6826 FIJI CIR
Municipality UNINCORPORATED
Parcel Control Number 00-42-45-33-13-000-2540
Subdivision VALENCIA ISLES PL 1
Official Records Book 31248      Page 628
Sale Date FEB-2020
Legal Description VALENCIA ISLES PL 1 LT 254

## Owner Information

Owners
HO KAREN YEH &
YEH STEPHEN
YEH WILLLIAM &

Mailing address
6826 FIJI CIR
BOYNTON BEACH FL 33437 7022

## Sales Information

| Sales Date | Price | OR Book/Page | Sale Type | Owner |
|---|---|---|---|---|
| FEB-2020 | $10 | 31248 / 00628 | QUIT CLAIM | HO KAREN YEH & |
| NOV-1999 | $336,589 | 11484 / 00757 | WARRANTY DEED | NG LOUIS HENCY TRUST |

## Exemption Information

No Exemption information available

## Property Information

Number of Units 1
*Total Square Feet 3666
Acres 0.1921
Use Code 0100 - SINGLE FAMILY
Zoning PUD - Residential Planned Unit Dev' ( 00-UNINCORPORATED )

## Appraisals

| Tax Year | 2020 P | 2019 | 2018 |
|---|---|---|---|
| Improvement Value | $269,978 | $273,396 | $278,761 |
| Land Value | $113,370 | $120,900 | $126,702 |
| Total Market Value | $383,348 | $394,296 | $405,463 |

P = Preliminary          All values are as of January 1st each year

## Assessed and Taxable Values

| Tax Year | 2020 P | 2019 | 2018 |
|---|---|---|---|
| Assessed Value | $383,348 | $394,296 | $405,463 |
| Exemption Amount | $0 | $0 | $0 |
| Taxable Value | $383,348 | $394,296 | $405,463 |

## Taxes

| Tax Year | 2020 P | 2019 | 2018 |
|---|---|---|---|
| Ad Valorem | $6,724 | $7,000 | $6,978 |
| Non Ad Valorem | $409 | $397 | $394 |
| Total tax | $7,133 | $7,397 | $7,372 |

Dorothy Jacks, CFA, AAS  PALM BEACH COUNTY PROPERTY APPRAISER  www.pbcgov.org/PAPA

## STATEMENT OF CHANGE OF REGISTERED OFFICE OR REGISTERED AGENT OR BOTH FOR CORPORATIONS

*Pursuant to the provisions of sections 607.0502, 617.0502, 607.1508, or 617.1508, Florida Statutes, this statement of change is submitted for a corporation organized under the laws of the State of* Florida _____ *in order to change its registered office or registered agent, or both, in the State of Florida.*

1. The name of the corporation: Valencia Isles Homeowners Association, Inc.

2. The principal office address: 11200 Valencia Isles Boulevard
   Boynton Beach, FL 33437

3. The mailing address (if different): _____

4. Date of incorporation/qualification: 3/14/2006     Document number: N98000004487

5. The name and street address of the current registered agent and registered office on file with the Florida Department of State: (If resigned, enter resigned)

   Sachs Sax Caplan

   6111 Broken Sound Parkway NW, Suite 200

   Boca Raton, FL 33487

6. The name and street address of the new registered agent (if changed) and /or registered office (if changed):

   Kaye Bender Rembaum, PL

   1200 Park Central Blvd., South
   P.O. Box NOT acceptable

   Pompano Beach, FL 33064

The street address of its registered office and the street address of the business office of its registered agent, as changed will be identical.

Such change was authorized by resolution duly adopted by its board of directors or by an officer so authorized by the board, or the corporation has been notified in writing of the change.

_____[signature]_____                    Ken Hellman, President
Signature of an officer or director          Printed or typed name and title

*I hereby accept the appointment as registered agent and agree to act in this capacity. I further agree to comply with the provisions of all statutes relative to the proper and complete performance of my duties, and I am familiar with and accept the obligation of my position as registered agent. Or, if this document is being filed merely to reflect a change in the registered office address, I hereby confirm that the corporation has been notified in writing of this change.*

_____[signature]_____                    1/30/19
Signature of Registered Agent                Date

If signing on behalf of an entity:

Jeffrey A. Rembaum, Esq.
Typed or Printed Name

* * * FILING FEE: $35.00 * * *

MAKE CHECKS PAYABLE TO FLORIDA DEPARTMENT OF STATE
MAIL TO: DIVISION OF CORPORATIONS, P.O. BOX 6327, TALLAHASSEE, FL 32314

CR2E045 (03/12)